# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ROBERT W JOHNSON,

           Plaintiff,

    v.

101178 B.C. UNLIMITED LIABILITY COMPANY, *et al.,*

           Defendants.

Case No. 3:24-cv-00118-SLG

## ORDER OF DISMISSAL

On June 3, 2024, self-represented litigant Robert W. Johnson ("Plaintiff") filed a complaint and an application to proceed without paying the filing fee.[1] Plaintiff, a resident of New York,[2] names 101178 B.C. Unlimited Liability Company, 1019334 B.C. Unlimited Liability Company, Burger King Canada Holdings, Inc., and New Red Finance, Inc. as Defendants. Plaintiff names 101178 B.C. Unlimited Liability Company, 1019334 B.C. Unlimited Liability Company, Burger King Canada Holdings, Inc., and New Red Finance, Inc. as Defendants.

According to the Complaint, 101178 B.C. Unlimited Liability Company is a corporation located in Ontario, Canada; 1019334 B.C. Unlimited Liability Company is an international corporation;[3] Burger King Canada Holdings, Inc., is a

---

[1] Dockets 1-2.

[2] Docket 1 at 2.

[3] Docket 1 at 2.

corporation located in Canada; and finally, for Defendant New Red Finance, Inc., Plaintiff just wrote "USA" without any address or additional information.[4]

Plaintiff alleges violations of "employee rights, power of attorney, IRS tax filing rights[,] and civil rights."[5] He asserts Defendants "committed domestic and foreign trade fraud" and illegally sold its stocks without permission.[6] Plaintiff claims he suffers from mental and physical anguish, PTSD, exacerbated injuries, and depression.[7] He seeks sanctions, lost wages, $350,000,000.00 for attorney fees, $100,000,000.00 for liens, and other fees.[8]

The Court takes judicial notice[9] that Plaintiff is under pre-filing bar orders in a number of courts, including the Northern District of New York, the Southern District of New York, the District of Connecticut, the Southern District of Ohio, and has previously been warned by the U.S. Court of Appeals for the Second Circuit

---

[4] Docket 1 at 3.

[5] Docket 1 at 3.

[6] Docket 1 at 4.

[7] Docket 1 at 5.

[8] Docket 1 at 3-5.

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

Case No. 3:24-cv-00118-SLG, *Johnson v. 101178 B.C. Unlimited Liability Company, et al.*
Order of Dismissal
Page 2 of 8
Case 3:24-cv-00118-SLG   Document 4   Filed 07/30/24   Page 2 of 8

that his continued filing of frivolous appeals might also result in a filing injunction in that forum.[10]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons explained below, the Complaint must be dismissed for lack of subject matter jurisdiction. Further, the Court finds that granting Plaintiff leave to amendment would be futile. Therefore, this case is DISMISSED with prejudice, and all pending motions are DENIED as moot.

## SCREENING REQUIREMENT

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[11] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[12]

---

[10] *See In re: Robert W. Johnson,* Case No. 5:22-PF-0003 (GTS), 2022 WL 1443311 (N.D.N.Y. 2022) (collecting cases). *See also Johnson v. Trump*, Case No. 2:23-CV-471, 2024 WL 778100, at *2 (D. Vt. 2024) (enjoining Plaintiff from filing any new actions without obtaining prior leave from a district judge); *Johnson v. Progressive.com*, 2020 WL 589127, at *1 (S.D.N.Y. 2020) (denying leave to amend "in light of Plaintiff's abusive litigation history"); *Johnson v. Abel,* Case No. 19-CV-2685, Bar Order (S.D. Ohio 2019) (deeming Plaintiff a "vexatious" litigant and barring him from filing new pro se actions without prior leave of court).

[11] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

[12] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:24-cv-00118-SLG*, Johnson v. 101178 B.C. Unlimited Liability Company, et al.*
Order of Dismissal
Page 3 of 8
Case 3:24-cv-00118-SLG   Document 4   Filed 07/30/24   Page 3 of 8

In conducting its screening review, a district court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[13] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## JURISDICTION

The Court also has an independent obligation to determine whether it has subject-matter jurisdiction.[16] "[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."[17] In general, a federal court has original jurisdiction over actions involving a federal question,[18] and actions between citizens of different states involving an amount in controversy greater than

---

[13] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[14] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[16] *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"); *Wilson v. Lynch, 835 F.3d 1083, 1091* (9th Cir. 2016).

[17] *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).

[18] 28 U.S.C. § 1331.

Case No. 3:24-cv-00118-SLG*, Johnson v. 101178 B.C. Unlimited Liability Company, et al.*
Order of Dismissal
Page 4 of 8
Case 3:24-cv-00118-SLG   Document 4   Filed 07/30/24   Page 4 of 8

$75,000.[19] A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[20] A party invoking federal jurisdiction must also satisfy the threshold requirement of showing an actual case or controversy under Article III of the U.S. Constitution.[21] Federal courts enforce this jurisdictional limitation through the doctrine of standing.[22]

To establish standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision."[23] An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.' "[24] A "particularized" injury is one that " 'affect[s] the plaintiff in a personal and individual way.' "[25] A "concrete" injury "must actually exist" and must be "real, and not abstract."[26] If a federal court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.[27] A federal court can also dismiss a complaint where it is based

---

[19] 28 U.S.C. § 1332(a).

[20] *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

[21] *Los Angeles v. Lyons*, 461 U.S. 95 (1983).

[22] *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340–42 (2006).

[23] *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (citing *Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1081 (9th Cir. 2004)).

[24] *Lujan,* 504 U.S. at 560 (citations omitted).

[25] *Spokeo, Inc. v. Robins,* 578 U.S. 330, 339 (2016) (quoting *Lujan,* 504 U.S. at 560 n.1).

[26] *Id.* at 340.

[27] Fed. R. Civ. P. 12(h)(3); see also *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) (a federal court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking).

solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face.[28] While a federal court must construe the pleading in the light most favorable to a plaintiff,[29] it is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[30]

Plaintiff has included some claims over which a federal court may have subject matter jurisdiction, such as employment discrimination claims,[31] civil rights claims,[32] and claims regarding refunds of overpaid taxes.[33] However, the facts in the Complaint do not support such claims nor allow the Court to draw the reasonable inference that Defendants may be liable for the misconduct alleged.[34]

---

[28] *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009); see also *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

[29] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a federal court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[30] *See, e.g., Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of Section 1983 and 1985 claims because plaintiff's conclusory allegations of conspiracy were not supported by material facts).

[31] A plaintiff usually must file a claim with the Equal Employment Opportunity Commission and obtain a Right to Sue Letter before filing an employment discrimination claim in federal court. *See, generally,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination Act of 1967, 29 U.S.C. §§ 621 to 634; and the Americans with Disabilities Act of 1967, 42 U.S.C. §§ 12112 to 12117.

[32] Section 1983, 42 U.S.C. § 1983, provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution or federal law.[32]

[33] Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in a federal district court for refund of taxes. 28 U.S.C. § 1346(a)(1). However, before filing such a suit, a taxpayer must follow the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

[34] *See* Rule 8, Federal Rules of Civil Procedure. *See also Jones v. Cmty. Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir. 1984) (" 'Conclusionary allegations, unsupported by facts,

Case No. 3:24-cv-00118-SLG*, Johnson v. 101178 B.C. Unlimited Liability Company, et al.*
Order of Dismissal
Page 6 of 8
Case 3:24-cv-00118-SLG   Document 4   Filed 07/30/24   Page 6 of 8

The Court is unable to identify a plausible injury that affected Plaintiff personally, Plaintiff has not explained how any of the named defendants caused such an injury, and the claims lack an arguable basis in either law or fact.[35] Further, Plaintiff makes no attempt to explain what connection the alleged events have with the District of Alaska. As such, the Court cannot exercise personal jurisdiction over any of the named Defendants or determine why the Court would be the proper venue for this case when none of the parties are residents of Alaska[36] and the alleged events reportedly occurred in Syracuse, New York.[37]

## FUTILITY OF AMENDMENT

If a federal court dismisses a complaint, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[38] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated

---

[will be] rejected as insufficient to state a claim under the Civil Rights Act.' The plaintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support the plaintiff's claim." (citations omitted)).

[35] *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

[36] *See* 28 U.S.C. § 1391(c) (defining where a corporate defendant "resides" for purposes of the venue statute).

[37] Docket 1 at 4. *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[37] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[38] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Case No. 3:24-cv-00118-SLG*, Johnson v. 101178 B.C. Unlimited Liability Company, et al.*
Order of Dismissal
Page 7 of 8
Case 3:24-cv-00118-SLG   Document 4   Filed 07/30/24   Page 7 of 8

failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[39] A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[40]

Plaintiff's claims are unsupported by any cognizable legal theory, the Court is unable to establish a basis for subject matter jurisdiction. Additionally, the Court cannot establish personal jurisdiction over Defendants or determine it is the appropriate venue for this case.  Therefore, the Court finds amendment would be futile and will not grant Plaintiff leave to file an amended complaint.

IT IS THEREFORE ORDERED:

1. This action is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 30th day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[39] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[40] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

Case No. 3:24-cv-00118-SLG*, Johnson v. 101178 B.C. Unlimited Liability Company, et al.*
Order of Dismissal
Page 8 of 8
Case 3:24-cv-00118-SLG   Document 4   Filed 07/30/24   Page 8 of 8